UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAVIER FRANKY ORTIZ
    Petitioner

        v.                                Civil No. 01-2469(SEC)

UNITED STATES OF AMERICA
    Respondent

**O R D E R**

| MOTION | RULING |
| --- | --- |
| **Docket #20 Motion for Reconsideration** | **DENIED.** Petitioner's Section 2255 motion was denied on September 24, 2004. See Docket # 18. Subsequently, on October 19, 2004, Petitioner filed the present motion. Because Petitioner's motion was filed well in excess of the ten-day period prescribed for Rule 59(e) motions, Petitioner's motion will be construed as one filed pursuant to Rule 60. F.R.Civ.P. 60(b). Petitioner requests that the Court reconsider the denial of his § 2255 motion and apply the Supreme Court's ruling in Blakely v. Washington, 124 S. Ct. 2531 (2004) to his case. Based on the arguments contained in Petitioner's motion, we find that he presents a paradigmatic habeas claim and thus, we must treat his request as a successive habeas petition and apply the restrictions contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. See Rodwell v. Pepe, 324 F.3d 66, 71 (1st Cir. 2003)(holding that "a district judge should treat a Rule 60(b) motion in a habeas case as a second or successive habeas petition whenever the motion threatens to encroach upon precincts patrolled by the AEDPA, that is, whenever the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction"). See also Munoz v. United States, 331 F.3d 151 (1st Cir. 2003)(extending the Rodwell holding to § 2255 habeas cases). Thus, in order for Petitioner to be able to obtain any relief from judgment, he must first obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A)(as incorporated in 28 U.S.C. § 2255). Petitioner has not obtained said authorization. That being the case, we must **DENY** Petitioner's motion for reconsideration.<br><br>    In any event, with respect to Petitioner's argument under Blakely, we stress that the First Circuit in Cuevas v. Derosa, 386 F.3d 367, 367-68 (1st Cir. 2004), expressed that "a new rule of law can form the basis for a second or successive habeas petition only if that rule is 'made retroactive to cases on collateral review by the Supreme Court'" and that the Supreme Court has not made its ruling in Blakely retroactive to cases on collateral review (internal citation omitted). See Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004) (noting that "the Supreme Court has not made the Blakely rule applicable to cases on collateral review"); Simpson v. United States, 376 F.3d 679, 681-682 (7th Cir. 2004)(same); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(observing that "the Supreme Court has strongly implied that Blakely is not to be applied retroactively"). |

DATE:   April 27, 2005

                                                                                 S/ *Salvador E. Casellas*
                                                                                 SALVADOR E. CASELLAS
                                                                                 United States District Judge